561 P.2d 1318

The STATE of Idaho, Plaintiff-Respondent,

v.

Patrick A. TERRY, Defendant-Appellant.

No. 12365.

Supreme Court of Idaho.

March 29, 1977.

286

Ellison M. Matthews, of Matthews, Lee & Wilson, Boise, for defendant-appellant.

Wayne L. Kidwell, Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., L. Mark Riddoch, Asst. Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

The facts of the present case are not disputed. Defendant-appellant Patrick Terry was tried before the Magistrate Division of the Fourth Judicial District on the charge of driving under the influence of intoxicating liquor or drugs. The state called James Thompson, one of the arresting police officers, to testify at trial. A portion of his testimony is challenged on appeal. When asked to describe the defendant's speech at the time of the arrest, Officer Thompson replied, "Well, from the experience I've had with him in the past, he seemed to be much slower, much more definite in his speech. He didn't seem to be able to remember things that he was told.

Asked us several times what he was charged with, and he was advised several times of the same charge." The defendant's counsel objected and asked for a mistrial. The trial court refused the objection. The district court upheld the trial court's decision and this appeal followed.

Appellant argues on appeal that Officer Thompson's reference to prior experience with the defendant was prejudicial in that it amounted to a comment on the defendant's prior criminal conduct. We do not agree.

An identical issue came before the Arizona Supreme Court in *State v. Finn,* 111 Ariz. 271, 528 P.2d 615 (1970). The arresting officer in that case testified that he had known the defendant "from before." On appeal the defendant-appellant contended that the officer's testimony was "a clear suggestion that the appellant had previous substantial involvement of a criminal nature of which the [officer] was aware." The Arizona Supreme Court rejected appellant's argument. After citing the general rule in Arizona that evidence of prior criminal activity is inadmissible, the Court stated:

"We do not believe, however, that taken in the context of the trial before us, that the statements necessarily indicate that the defendant has a prior record or has had previous trouble with the police. Policemen do know other people than criminals and given the size of the community in the instant case, it is just as reasonable to assume that the officer's prior contact with the defendant was not as the result of any prior bad acts or criminal conduct on the part of the defendant himself." 528 P.2d at 622–23.

Although the Arizona authority is not binding on this Court, we find its reasoning persuasive. We cannot say that in the context of the present case that Officer Thompson's casual reference to a prior association with the defendant would be interpreted by a jury as a comment on the defendant's prior criminal activity. A trial court has broad discretion in the admission

of evidence at trial. Its judgment will only be reversed when there has been a clear abuse of discretion.

There was no abuse of discretion in the present case. The trial judge heard Officer Thompson's testimony and observed his demeanor. He was in a better position than an appellate court to determine whether the testimony amounted to a comment on the defendant's prior criminal activity. He held that it was not. It would have been preferable if Officer Thompson had not made the challenged statement, but the trial court did not abuse its discretion in allowing admission.

We do not wish to encourage circumvention of the rule that evidence of prior criminal conduct is generally inadmissible but there is neither evidence nor allegation that Officer Thompson made the statement in order to comment indirectly on the defendant's prior criminal activity. If the facts and circumstances of a case revealed such an attempt we would not hesitate to reverse.

Judgment affirmed.