641 P.2d 340

The STATE of Idaho,
Plaintiff-Respondent,

v.

Robert GREENSWEIG,
Defendant-Appellant.

No. 13798.

Court of Appeals of Idaho.

Feb. 9, 1982.

Laird B. Stone of Ada County Public Defender, Boise, for appellant.

David H. Leroy, Atty. Gen., and Lance D. Churchill, Deputy Atty. Gen., Boise, for respondent.

SWANSTROM, Judge.

Robert Greensweig was convicted of lewd conduct with a minor under sixteen, a felony. He appeals. Three principal issues are raised. First, was sufficient evidence adduced at the preliminary examination to bind appellant over for trial? Second, was there sufficient corroboration of the victim's account of the events constituting the crime and of the identification of the perpetrator? Third, did the trial court err in allowing testimony of an unrelated subsequent bad act by the appellant? Appellant also challenges the sufficiency of the evidence, rulings by the trial court regarding jury instructions, and matters regarding sentencing. We affirm.

On March 22, 1979, appellant was charged with the crime of lewd conduct with a minor under the age of sixteen. After a preliminary examination a magistrate ordered that appellant be held for trial in the district court. A two-part information was filed, charging appellant with the lewd conduct crime and with being a persistent violator of the law. Trial was held. On May 7, 1980, the jury returned a verdict finding the defendant guilty of the offense of lewd conduct with a minor under sixteen. Immediately following that verdict the defendant entered a plea of guilty to being a persistent violator of the law.

On May 16, defendant filed a "motion to dismiss the habitual offender conviction." The motion was denied on June 20, and the defendant was sentenced to an indeterminate term of not more than life.

The ten year old victim of this crime testified that on October 30, 1978, she was walking past a church on her way home from school when a man, dressed in clothes similar to those of a priest, asked her if she would like to make fifty cents doing some work for him. The victim agreed to this proposition and followed the man into the church, and then into the choir loft. The man then picked the victim up and asked her how much she weighed. After setting her back down, he held her with his hands close to her bottom, squeezing her, holding both of her hands together. He put her head against his belly and forced his body against her. He made thrusting motions with his body. When she asked to go home, he said repeatedly: "Just a little bit longer." The victim managed to escape his grasp. The man attempted to stop her from leaving the choir loft by moving back and forth in front of the entrance. The victim managed to escape past the man, but not before noticing that a book of matches fell from his pocket. As she left the choir loft she fell on a piece of cardboard lying on the stairway. She got up and made good her escape by hiding behind some bushes, where she watched the man get into a car and leave the scene.

Investigating officers found a book of matches in the choir room, a piece of cardboard on the stairway, and furniture in the choir room substantially the same as described by the victim. The victim was able to describe the man and the car he drove away. Five months after the incident she picked appellant's picture out of a group of several photos.

Appellant, prior to trial in this case, was convicted in another county of assault with intent to commit rape. This other offense occurred on January 9, 1979, seventy-two days after the date of the offense here in question. The circumstances were quite similar. The three young girls who testified in the other case were called as state's witnesses in this case. Two of the girls testified that a man had approached them as they walked home from school. He asked them if they wanted to make a few dollars working in a church. Both declined and nothing further occurred. Both identified the appellant as the man who approached them. The third girl testified that appellant entered her church and asked her if she wanted to make some money helping him at another church. She agreed, and he took her to another church. Once inside that church he picked her up and asked her how much she weighed, threw her down, laid on top of her, kissed her on the face and undid his pants before the girl was able to escape.

*Probable Cause Determination.*

 The appellant claims that the standards of probable cause required by I.C. § 19–815 and Idaho Criminal Rule 5.1(b) were not established at his preliminary examination. Under these provisions the defendant must be discharged unless the magistrate finds, from the state's evidence, that a public offense has been committed, and that there is probable or sufficient cause to believe the defendant guilty thereof. The finding of probable cause shall be based upon substantial evidence upon every material element of the offense charged.

The state at a preliminary examination is not required to show the defendant guilty beyond a reasonable doubt; it need only prove that a crime was committed and that there is probable cause to believe the accused committed it. *State v. Owens*, 101 Idaho 632, 619 P.2d 787 (1980).

Idaho Code § 19–815A provides that a motion to dismiss the information may be made to the district judge to challenge the sufficiency of the evidence produced at the preliminary hearing. Appellant made such a motion and it was denied. He now argues on appeal it was error to deny the motion. Appellant specifically asserts that there was no substantial evidence adduced at the preliminary examination to show (1) that a lewd or lascivious act occurred, or (2) that there was intent of arousing, appealing to, or gratifying the lust, passions or sexual desires of either himself or the victim.

 The victim testified at the preliminary examination as to the events already related. Upon this evidence the magistrate

could reasonably conclude the crime of lewd conduct with a minor under sixteen had been committed. The magistrate could also reasonably infer the necessary intent on the part of the appellant. We hold the evidence presented at the preliminary examination supports the magistrate's findings that the crime was committed and that there was probable cause to believe appellant committed that crime.

*Corroboration of Victim's Testimony.*

Appellant assigns as error the district court's denial of his motion for a judgment of acquittal. Specifically, he alleges that insufficient corroboration of the alleged sexual act was provided at trial. In *State v. Byers*, 102 Idaho 159, 627 P.2d 788 (1981), the Supreme Court abolished the rule requiring corroboration of the victim's testimony in sex crime offenses. However, the court refused to apply this rule retroactively and held that it would only be applied in criminal trials commenced after the date of decision in *Byers*. 102 Idaho at 167, 627 P.2d at 796. The trial in this case occurred in May, 1980. The *Byers* opinion was released on April 1, 1981. Therefore, the requirement of corroboration is in effect as to this case.

The prior rule in Idaho was that there must be corroboration both (1) that a crime has been committed, and (2) that the accused committed the crime. *Byers*, 102 Idaho at 161, 627 P.2d at 790; *State v. Adair*, 99 Idaho 703, 587 P.2d 1238 (1978). In *Adair* the court stated the rule as being that

"[t]he required corroboration need only tend to support her testimony that the offense was committed and make it appear probable that the accused was the perpetrator (citation omitted). Whether there is sufficient corroboration is, in the first instance, a question for the jury; and unless we can say, as a matter of law, that such evidence is insufficient, we will not reverse on that ground." 99 Idaho at 707, 587 P.2d at 1242.

■ The character or reputation of the victim in this case is unimpeached for truth and chastity and her testimony is not contradictory nor inconsistent with the admitted facts of the case nor inherently improbable or incredible. Therefore, under the prior rulings of the Idaho Supreme Court, there can be either direct evidence corroborating her testimony, or evidence of surrounding circumstances clearly corroborating her statements. *Adair*, 99 Idaho at 705, 587 P.2d at 1240. *State v. Elsen*, 68 Idaho 50, 54, 187 P.2d 976, 978 (1947). Sufficient corroborating evidence to show that appellant was the perpetrator of the crime was supplied by his ownership of a car described by the victim, and the identification of appellant by another girl who was victimized by appellant in an almost identical crime. In addition, evidence of surrounding circumstances clearly corroborate the victim's description of the acts making up the crime. She described a match book as falling out of his pocket, and a match book was found in the choir loft. Her description of the choir loft matched the physical characteristics of the choir loft. She claimed she slipped on a piece of cardboard as she ran down the stairs escaping from the attacker. A piece of cardboard was found in the stairwell by the officer investigating her story. At trial the state introduced into evidence a note, addressed to the parents of the victim, from her teacher, concerning a scheduled parent-teacher conference. An officer testified this note was found in the central part of the church after the incident was reported. We hold that the evidence in this case was sufficient to satisfy the requirements of corroboration.

*Evidence of Subsequent Bad Acts.*

■ The appellant asserts that the district court erred by allowing the testimony of the three girls regarding the similar case, over the objections by appellant. He first argues that, regardless of the possible justifications for allowing such testimony otherwise, the fact that the event testified to occurred subsequent to the crime in this case renders the testimony improper. He cites no authority for this *per se* rule. Although evidence of other unrelated criminal

activity of the accused is generally inadmissible to show that the accused committed the crime for which he is on trial, evidence of other crimes is admissible when *relevant* to prove motive, intent, absence of mistake or accident, a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other, and other similar issues. *State v. Wrenn*, 99 Idaho 506, 510, 584 P.2d 1231, 1235 (1978), McCormick on Evidence § 190 (E. Cleary ed. 1972). The threshold question regarding admission of evidence of other crimes is relevancy. No logical distinction between prior and subsequent crimes is apparent to justify a *per se* rule of the sort appellant asserts. The very rule appellant asserts has been tested and rejected. *State v. Stratford*, 55 Idaho 65, 72, 37 P.2d 681, 684 (1934).

■ Absent such a *per se* rule it is necessary to examine the evidence admitted in this case to see if it falls within an exception to the general rule excluding evidence of unrelated crimes. The state asserts that the evidence was necessary to show the intent of the appellant. The underlying reason for this exception lies in the fact that a person may claim he was honestly mistaken or lacked the requisite intent if the act stands alone; however, the probabilities of an honest mistake diminish as the number of similar transactions indicating a scheme or system increase. *Id.* This situation confronts us here. The evidence of the subsequent similar acts was probative of whether the requisite intent was present.

In *State v. Terry*, 98 Idaho 285, 561 P.2d 1318 (1977), the Idaho Supreme Court said, "A trial court has broad discretion in the admission of evidence at trial. Its judgment will only be reversed when there has

been a clear abuse of discretion." 98 Idaho at 286–287, 561 P.2d at 1319–1320. Where the probative value of evidence is substantially outweighed by the danger of unfair prejudice to the defendant, this evidence should be excluded. *State v. Goodrich*, 97 Idaho 472, 477, 546 P.2d 1180, 1185 (1976). The prejudice to the appellant by the introduction of the disputed testimony is apparent; nevertheless, we find that the trial court did not abuse its discretion in applying the test of relevancy and in determining that the prejudice did not substantially outweigh the probative value of the testimony.

*Sufficiency of the Evidence.*

■ Appellant argues that the state failed to show that either he or the victim were sexually aroused. Idaho Code § 18–6607 does not require actual arousal of either the victim or perpetrator. All that is necessary to be shown is the intent to arouse either the victim or the perpetrator. The jury could have reasonably found such intent from the described conduct of the defendant.

*Jury Instructions.*

The appellant next asserts that error was committed by the inclusion of jury instruction number five,[1] claiming that the last paragraph of this instruction removes the element of "intent of arousing, appealing to or gratifying the lust or passions or sexual desires of such person or of such minor child" from the crime. As noted above, the *intent* to arouse, appeal or gratify the lust, passions or sexual desires is the linchpin of I.C. § 18–6607. Instruction number five makes clear that the lust, passions or sexual desires need not be *actually* aroused, appealed to, or gratified. We hold that the giving of this instruction was not error.

---

1. Jury instruction number five as given by the district judge was as follows:

 "Any person who shall wilfully and lewdly commit any lewd or lascivious act or acts upon the body or any part or member thereof of a minor or child under the age of sixteen (16) years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person or of such minor or child, shall be guilty of the crime of lewd conduct with a minor or child under sixteen.

 "To constitute a lewd or lascivious act it is not necessary that the bare skin be touched. The touching may be through the clothing. "The law does not require as an essential element of the crime that the lust, passions or sexual desires of either of such persons be actually aroused, appealed to, or gratified."

■ The appellant asserts that the refusal of the trial court to give his requested instruction number seven defining "lewd or lascivious action," was error.[2] First we note that appellant's requested instruction did not correspond with the Idaho Supreme Court's definition of "lewd and lascivious" set forth in *State v. Evans*, 73 Idaho 50, 245 P.2d 788 (1952). In *Evans* the word lascivious was defined to mean "wanton, lewd, lustful, licentious, lecherous, libidinous, salacious." Lewd was defined to mean "licentious, lecherous, dissolute, sensual, debauched, impure, obscene, salacious, pornographic." 73 Idaho at 56, 245 P.2d at 791. Secondly, in both *Evans* and in *State v. Herr*, 97 Idaho 783, 554 P.2d 961 (1976) our Supreme Court has held that it is not error for the trial court to refuse to define the words "lewd and lascivious" in a jury instruction, because the words are in common use and they indicate with reasonable certainty the kind and character of acts and conduct that the legislature intended to prohibit. For these reasons we hold this assignment of error to be without merit.

*Sentencing.*

■ The appellant argues that the district court erred in denying his motion to dismiss the charge against him of being a persistent violator pursuant to I.C. § 19–2514. Appellant's motion was made pursuant to Idaho Criminal Rule 48. The applicable parts of this rule provide: "The court, on notice to all parties, may dismiss a criminal action. . . . [f]or any other reason, the court concludes that such dismissal will serve ends of justice and the effective administration of the court's business."

Appellant's argument to the trial court and to this court on appeal was that the persistent violator "conviction" serves no useful purpose in this case. Appellant pointed out that his record of prior convictions was already known to the judge through the presentence report. He argued that, because he was subject to a possible life sentence under I.C. § 18–6607 on the lewd and lascivious charge, his sentence could not be enhanced under the persistent violator law, which also carries a possible life sentence. The trial judge tended to agree with this argument, but declined to grant the motion.

Idaho Code § 18–6607 does not provide for a minimum sentence. In its pertinent part it reads: ". . . and shall be imprisoned in the state prison for a term of not more than life." The effect of this is to allow a judge to pronounce any sentence up to the maximum.

Idaho Code § 19–2514 provides that: "—Any person convicted for the third time of the commission of a felony, whether the previous convictions were had within the state of Idaho or were had outside the state of Idaho, shall be considered a persistent violator of law, and on such third conviction shall be sentenced to a term in the custody of the state board of corrections which term shall be for not less than five (5) years and said term may extend to life."

By mandating a minimum sentence the statute subjected the appellant to punishment in excess of that which might have been imposed under the lewd conduct statute alone. It was within the trial court's discretion to apply the statute for such purpose in this case.

■ Appellant's final assertion of error maintains that he was improperly sentenced. The reporter's transcript shows the district judge, in orally pronouncing sentence used the following language:

"It is the judgment of the Court then that upon your plea of guilty and your plea of conviction, you are guilty of the crime of lewd and lascivious conduct with a minor under the age of 16 and the offense of multiple offender, and that you be sentenced to the custody of the Idaho State Board of Correction under the indeterminate sentence law of the state of Idaho for a period of not more than the rest of your natural life, the

2. Requested jury instruction number seven was as follows:

"Lewd or lascivious action means 'wanton, lustful, or lecherous'."

**800**

precise time to be determined and the manner provided by law on each count to run concurrently and to run concurrently with your present sentences; ..."

Appellant asserts that the use of this language effectively imposed two concurrent life sentences on him; one on the lewd conduct charge and one for being a persistent violator. If true, this would be an improper sentence under I.C. § 19–2514. Idaho Code § 19–2514 does not create a new crime, but merely provides for greater punishment for the latest conviction, than that which might have been inflicted had there not been two prior convictions. *Clark v. State*, 92 Idaho 827, 452 P.2d 54 (1969). Following sentencing the judge signed a "judgment of conviction" and the clerk signed a "commitment." Both instruments show only one life term has been imposed. Because the sentence orally pronounced could be considered an illegal one, we deem the subsequent written judgment of conviction a correction of the sentence pursuant to Idaho Criminal Rule 35. *See State v. Phillips*, 99 Idaho 354, 581 P.2d 1173 (1978).

We note in addition that a clerical error was made in the judgment of conviction where it states the crime of lewd conduct with a minor under sixteen was committed on or about October 30, 1980. This should be October 30, 1978.

We remand to the district court with orders to correct this clerical error pursuant to Idaho Criminal Rule 36. In all other aspects, we affirm.

WALTERS, C. J., and BURNETT, J., concur.