PATRICIA WHALEN AND HELEN NOONAN, APPELLANTS,
v. STATE OF NEVADA AND LAS VEGAS MENTAL
HEALTH CENTER, RESPONDENTS.

No. 14457

March 29, 1984                                        679 P.2d 248

*Pomeranz, Crockett & Myers,* Las Vegas, for Appellants.

*Brian McKay,* Attorney General, and *Jonathan L. Andrews,*
Carson City, for Respondents.

## OPINION

*Per Curiam:*

On January 25, 1984, this Court issued an opinion in the case of Whalen v. State. Respondents petitioned for a rehearing, contending that this Court misapprehended material facts in the record. NRAP 40(c)(2)(i).[1] Having reviewed the petition and the opposition, we deny the petition for rehearing, on the ground that any inaccuracies in the opinion were not material to the result. However, we recall our earlier opinion and issue this opinion in its stead.

This is an appeal from a district court order granting summary judgment in favor of respondents on the basis of sovereign immunity. Because we conclude that a question of fact remained in dispute, we reverse the order granting summary judgment and remand the case for trial.

Kahlil Ben Maatallah was charged with murder in Clark County in 1965. During criminal proceedings, Maatallah was adjudged incompetent to stand trial and was thereafter placed in the custody of various state agencies continuously through December, 1972. Although the state elected not to pursue the criminal charges against Maatallah, and in fact dropped all charges against him, the district court nevertheless perceived Maatallah as both dangerous and insane and committed him to confinement with respondent Las Vegas Mental Health Center (LVMHC) under conditions delimited in a written order. Included among the court's conditions were requirements that Maatallah not be released until he was no longer a danger to the community, and that any such release be preceded by at least fifteen days written notice to the court. With court approval, LVMHC conditionally released Maatallah in 1973

---

[1]Respondents have filed a motion to strike a portion of appellant's response to their petition for rehearing. Cause appearing, the motion is denied.

on convalescent leave, with certain safeguards. Apparently in July of 1976, Maatallah was discharged.

In June of 1977, without any apparent provocation, Maatallah killed and butchered appellants' husbands. Appellants brought suit against Clark County, the State of Nevada, and LVMHC.[2] The state and LVMHC answered appellants' complaint, denying liability and asserting only the defenses of statute of limitations and failure to state a claim. Over four years later, the state and LVMHC moved to amend their answer to include the additional defense of sovereign immunity under NRS 41.032(2) and NRS 433A.380.[3] At the same time they moved for summary judgment based on the defense of immunity under the latter statute. The district court granted the motion for summary judgment. This appeal followed.

Appellants initially contend that it was error for the district court to grant summary judgment as questions of fact remained in dispute. We agree.

Appellants attached an unauthenticated document to their points and authorities filed below in opposition to respondents' motion for summary judgment. The document, apparently supplied by respondents in the course of discovery, purported to be a photocopy of Maatallah's discharge from LVMHC

---

[2]Clark County was dismissed from the suit. This Court, in No. 10735, affirmed the judgment of dismissal.

[3]NRS 433A.380 states as follows:

*Conditional release: Liability of state; restoration of rights; notice to court, district attorney.*

1. Except as otherwise provided in subsection 4, any person involuntarily admitted by a court may be conditionally released from a public or private mental health facility on convalescent leave when, in the judgment of the medical director of the facility, the convalescent status is in the best interest of the person and will not be detrimental to the public welfare.

2. When a person is conditionally released pursuant to subsection 1, the state or any of its agents or employees are not liable for any debts or contractual obligations, medical or otherwise, incurred or damages caused by the actions of the person.

3. When a person who has been adjudicated by a court to be incompetent is conditionally released from a mental health facility, the administrative officer of the mental health facility shall petition the court for restoration of full civil and legal rights as deemed necessary to facilitate the incompetent person's rehabilitation.

4. A person who was involuntarily admitted by a court because he was likely to harm others if allowed to remain at liberty may be conditionally released only if, at the time of the release, written notice is given to the court which admitted him and to the district attorney of the county in which the proceedings for admission were held.

bearing the signature of the doctor who was Maatallah's primary therapist. The discharge summary reflected that Maatallah was discharged in July, 1976, because of "no contact." The document further indicated that the patient's legal status at the time of discharged was "voluntary."[4]

The district court, in its order granting summary judgment, found that there was no genuine issue as to any material fact. We disagree.

NRS 433A.380 provides the state and its agents with immunity for the damages caused by the actions of persons on conditional release. The statute does not provide immunity for the actions of discharged persons. The document attached to appellants' opposition to summary judgment indicates that Maatallah was discharged eleven months before the killings occurred. This raised a question of fact as to whether, at the time of the killings, Maatallah was still on conditional release pursuant to NRS 433A.380, allowing respondents to invoke that statute's immunity.[5] We reiterate the principle that a litigant has a right to trial where there is the slightest doubt as to the facts. All evidence favorable to the party against whom summary judgment is sought will be accepted as true. Nehls v. Leonard, 97 Nev. 325, 328, 630 P.2d 258, 260 (1981).

Our consideration of the unauthenticated document should not be construed in derogation of the requirement of authentication as set forth in NRCP 56(e). We accord credence to the document on appeal primarily because of respondents' failure to timely object to its admission into evidence. All relevant evidence is admissible unless barred by a particular rule of evidence. The responsibility for objecting to the admission of incompetent evidence devolves upon the party who seeks its exclusion. *See* NRS 47.040(1)(a). "A rule of evidence not invoked is waived." I *Wigmore on Evidence* 790 (Tiller's Rev.

[4]Respondents argued Maatallah's status in July, 1976 was "voluntary," although this would seem to undermine their immunity argument.

[5]If the trier of fact finds that Maatallah was on conditional release pursuant to NRS 433A.380 at the time of the killings, the trier of fact must further determine whether Maatallah's compliance with the conditions of his release was properly being monitored by LVMHC. Invocation of immunity for the actions of persons conditionally released is contingent upon the state's good faith efforts to enforce those conditions upon which release is premised.

1983). In their reply points and authorities in support of summary judgment, respondents had the opportunity to object to the trial court's consideration of the document. They did not do so. Only after appellants filed their opening brief on appeal did respondents move to strike references to information contained in the document. Indeed, as far as we can determine, the district court considered the unauthenticated document in reaching its decision.

Because we find there was a material issue of fact which might affect respondents' statutory immunity, the district court erred in granting summary judgment for respondents. We therefore reverse the order granting summary judgment and remand the case for trial.