700 P.2d 124

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Bernard Lamont CHRISTOPHERSON, Defendant-Appellant.**

**No. 15157.**

Court of Appeals of Idaho.

April 30, 1985.

Ronald M. Hart, K. Randall Smith, Hart & Hart, Idaho Falls, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Steven W. Berenter, A. Rene' Fitzpatrick, Deputy Attys. Gen., Boise, for plaintiff-respondent.

Before DONALDSON, Acting C.J., and SWANSTROM and TOWLES, Acting JJ., Special Panel.

DONALDSON, Acting Chief Judge.

Bernard Christopherson appeals from a judgment of conviction on two counts of robbery. He had been charged and tried on four counts of robbery. Count I alleged the robbery of Super Stop Store on December 31, 1982. At the time of the robbery, the attendant at the store was Tim Johnson. The robber stayed only a couple of minutes. Count II alleged the robbery of the same Super Stop Store on January 18, 1983. This time the attendant was Barbara Bell and the robbery lasted only a few minutes. Count III alleged the robbery of the same Super Stop Store on January 19, 1983. Tim Johnson was again the attendant at the store, only this time the robber stayed approximately forty minutes. Count IV alleged the robbery of Jiffy Mart on January 21, 1983. Glenda Waters was the attendant at this store, and the robbery lasted only a few minutes. Each of the attendants testified that the robber wore a ski mask, a green army coat and gloves and that the robber used a knife. Tim Johnson, the attendant who witnessed two of the robberies, saw a name starting with the letters PA stenciled on the army coat. At the times of these robberies, Christopherson was on parole from a previous robbery conviction. Subsequently, when defendant's parole officer was visiting de-

fendant, he observed that Christopherson had a green army coat with the name PAYNE stenciled on it. The defendant was later arrested and charged with the four counts of robbery. Following a jury trial, he was convicted on Counts I and III and acquitted on Counts II and IV.

The defendant raises three issues on appeal. (1) Whether the trial court erred in denying defendant's pretrial motion to exclude evidence of his prior felony conviction? (2) Whether the court erred in admitting the State's Exhibits 1–8 into evidence? (3) Whether there was substantial, competent evidence to support the guilty verdicts on Counts I and III? Each will be discussed in turn.

## I.

■■■ Evidence of a prior felony conviction for burglary or robbery is relevant to the issue of credibility and may be admitted for purposes of impeachment. *State v. Ybarra*, 102 Idaho 573, 634 P.2d 435 (1981). Thus, evidence of the prior felony conviction was admissible for the purpose of impeaching the defendant's credibility.

■■■ The defendant contends, however, that evidence of his prior conviction was admitted for purposes other than impeachment. He specifically cites certain witnesses' testimony during the State's case-in-chief which referred to defendant's parole status and thus indirectly referred to the defendant's prior felony conviction. However, the defendant's argument fails for three reasons. First, in the absence of a timely objection to an alleged error at trial, an appellate court will not consider the alleged error on appeal. *State v. LaMere*, 103 Idaho 839, 655 P.2d 46 (1982). Here, defendant failed to object to any of the allegedly objectionable testimony during the State's case-in-chief or to comments by the prosecutor during his closing argument. Therefore, the defendant cannot allege error on appeal. Second, even if the issue had been preserved for appeal, the jury was first told, at the beginning of the

trial during defendant's opening statement, that Christopherson had previously been convicted of robbery and was on parole for the crime when he was arrested on the present charges. Therefore, prior to the State's admission of the testimony in question, the jury had already been informed, by the defendant himself, of the prior robbery conviction. Third, any reference to the defendant's parole status which was indicative of a prior felony conviction, was necessary foundation for the subsequent admission of other evidence against defendant.

■■■ The defendant also contends that the prejudicial effect of testimony relating to defendant's prior conviction outweighed the value of the evidence for impeachment purposes, and thus, should have been excluded. However, where the prior felony conviction is being admitted for the limited purpose of impeachment under I.R.C.P. 43(b)(6), the present rule and case law do not require the trial judge to make a determination that the probative value of admitting the evidence outweighs its prejudicial effect to the defendant. *See State v. Shepherd*, 94 Idaho 227, 486 P.2d 82 (1971). Rule 43(b)(6) requires only that there must be "a hearing outside the presence of the jury" and the court must determine that the "prior conviction ... is relevant to [the witness'] credibility." *State v. Ybarra, supra; State v. Pierce*, 107 Idaho 96, 685 P.2d 837 (Ct.App.1984). If these requirements are met, as they were in this case, both the fact of a felony conviction and the nature of the conviction (*e.g.*, robbery) can be shown to the jury.[1] Moreover, here the jury was advised in an instruction that the evidence could only be used for impeachment purposes. Based on the foregoing, we hold that the trial judge did not err in admitting evidence of Christopherson's prior felony conviction for impeachment purposes.

## II.

■■■ We now turn to defendant's second issue, that the judge erred in admitting

---

**1.** The present rule and procedure will be substantially changed after July 1, 1985, when the newly adopted Idaho Rules of Evidence (specifically Rule 609) go into effect.

State's exhibits 1–8. A trial court has broad discretion in admitting evidence at trial and its judgment will only be reversed where there has been a clear abuse of that discretion. *State v. Terry*, 98 Idaho 285, 561 P.2d 1318 (1977). Further, a determination of relevancy does not depend upon a showing that a particular item of evidence, considered in isolation, furnishes conclusive proof of an ultimate fact; such evidence need only advance an inquiry. *Newsom v. State*, 533 P.2d 904 (Alaska 1975). In this case, because the robber wore a ski mask during the robberies, the State was required to present circumstantial evidence from which a reasonable inference could be drawn that the defendant was in fact the robber. Because of testimony that the robber wore a green army coat with the letters "PA" on it, tan leather gloves and white tennis shoes with a stripe on each one, the defendant's green army coat with "PAYNE" on it, the defendant's tan leather gloves and the defendant's white tennis shoes with stripes were relevant. Also, because the robber stole some rolls of quarters, the defendant's blue denim bag with $10 worth of quarters in it was relevant. The fact that the defendant was not earning cash for the little work he was doing, rendered his wallet containing $40 also relevant. Finally, since the robber used a folding knife with a four-inch blade, the admission of defendant's knives of a similar description was proper. Even though subsequent cross-examination revealed that the knives were not the ones used, any possible prejudicial effect was effectively negated by the cross-examination. *See State v. Leighty*, 179 Mont. 366, 588 P.2d 526 (1978).

### III.

A judgment of conviction will not be reversed when viewing the evidence most favorably to the State, there is substantial, competent evidence to sustain the verdict. *State v. Fenley*, 103 Idaho 199, 646 P.2d 441 (Ct.App.1982). In the instant case, the perpetrator of the first robbery, for which the defendant was convicted, wore a blue ski mask, a green army jacket, blue jeans, tennis shoes and gloves. During the course of the crime, the robber held a knife in his left hand. During the other robbery for which the defendant was convicted, the same clerk was on duty and was able to provide more detailed testimony because the robber remained in the store for 45 minutes. The robber was dressed the same as in the first robbery. The clerk testified the robber said that it was him again. This time, the clerk also noted that the army jacket had four or five letters imprinted on it starting with the letters "PA," and that the robber had a reddish-brown mustache, and that his shoes each had a stripe on them. The clerk also testified that the robber appeared to know how the safe worked even though no information to such effect had been provided to him by the clerk.

The State presented defendant's clothing which fit the description of the clothing worn by the robber. The State also produced testimony that defendant previously had a bushy brown mustache, that the defendant was left-handed, that the defendant knew one of the store clerks and may have been previously told how to operate the safe, and that the defendant's housemate owned a large folding knife used for hunting which had been missing since October, 1981. The State also produced defendant's wallet containing forty to forty-one dollars and defendant's blue denim bag containing approximately $10 worth of quarters. We hold that, viewing this evidence in a light favorable to the State, there was substantial evidence from which the jury could find that the defendant was the perpetrator of both robberies.

The decision of the trial court is affirmed.

No costs or attorney fees.

SWANSTROM and TOWLES, Acting JJ., concur.