708 P.2d 879

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Richard A. TIERNEY, Jr., Defendant-Appellant.**

**No. 15449.**

Supreme Court of Idaho.

Sept. 23, 1985.

Darrel W. Aherin, Lewiston, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., and Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

BAKES, Justice.

Richard A. Tierney appeals from a district court order affirming the suspension of his driver's license. Tierney's driver's license was suspended after Tierney refused to take the alcohol concentration test required by I.C. § 49–352.[1] The version of

---

1. **49–352. Test of driver for blood alcohol.** —(1) Any person who drives or is in actual physical control of a motor vehicle in this state shall be deemed to have given his consent to an evidentiary test for alcohol concentration as defined in section 49–1102, Idaho Code, provided that such test is administered at the request of a police officer having reasonable grounds to believe that person has been driving or in actual physical control of a motor vehicle while under the influence of alcohol, drugs or of any other intoxicating substances, and in accordance with the rules and regulations established by the Idaho Department of law enforcement.

(2) At the time an evidentiary test for alcohol concentration is requested, the person shall be informed that:

(a) *If the test is refused, his license or permit will be seized by the police officer and forwarded to the court; and*

(b) *Upon receipt of a sworn statement by the police officer of the circumstances of the refus-*

*al, the court shall suspend his driving privileges for one hundred twenty (120) days;* and

(c) That he has the right to request a hearing before the court to show cause why he did not take or successfully complete the evidentiary test for alcohol concentration; if requested, the hearing must be scheduled within thirty (30) days of the request; that the hearing shall be limited to the question of why the defendant did not take the test, and that the burden of proof shall be upon the defendant; and

(d) He does not have the right to consult with an attorney before submitting to an evidentiary test for alcohol concentration; and

(e) After submitting to the test at the request of the police officer, he may, when practicable, have additional tests made by a person of his own choosing, and at no expense to the state, county or city. The failure or inability to obtain an additional test or tests by a person shall not preclude the admission of an evidentiary test for alcohol concentration tak-

I.C. § 49–352 at issue here was repealed in 1984.

In the early morning hours of September 8, 1983, Tierney was stopped by a Lewiston police officer after failing to stop for a stop sign. Because Tierney smelled of alcohol, he was given a set of field sobriety tests, which he failed to complete satisfactorily. Tierney was then arrested and taken to the police station. At the station, Tierney refused to submit to the evidentiary test for alcohol concentration, required under I.C. § 49–352, after being given an explanation of the consequences of his refusal. Because Tierney refused to submit to the evidentiary test, Tierney's driver's license was seized and subsequently suspended. Tierney was also charged with driving while under the influence pursuant to I.C. § 49–1102.

After a magistrate's order suspending Tierney's driver's license for refusal to submit to the alcohol concentration test was issued, Tierney requested a show cause hearing. At this hearing Tierney testified that he did not take the test because he was not intoxicated and because he was on medication which he felt might affect the outcome of the test. A videotape of Tierney's interview at the police station was offered into evidence by Tierney, but was not admitted by the court. An order finding that Tierney's license was properly suspended was filed October 4, 1983.

Tierney then appealed from this order to the district court. The district court affirmed suspension of Tierney's driver's license. This appeal followed. The suspension of Tierney's driver's license has been stayed pending this appeal.

Most of the issues raised by Tierney in this appeal were addressed in *State v. Ankney*, 109 Idaho 1, 704 P.2d 333 (1985). In that opinion, we upheld I.C. § 49–352 in the face of a procedural due process challenge and determined that an individual is not constitutionally entitled to counsel prior to submitting to an evidentiary test for intoxication. We also held that I.C. § 49–352 and the version of Idaho Misdemeanor Criminal Rule 9.2 effective at the time of Tierney's arrest provided authority to seize and suspend a driver's license.

Tierney also argues that, at the post-seizure hearing, he was able to show cause, as required by I.C. § 49–352, for his refusal to take the evidentiary test. Tierney contends that he refused the evidentiary test because he was not intoxicated and because he was on medication which he felt might affect the test's outcome. Tierney points toward the corroborating testimony of a girlfriend and an acquaintance as supporting his position that the magistrate erred in finding his refusal to take the evidentiary test to be without cause.

The findings of fact of the trier of fact will not be disturbed on appeal if they are supported by substantial competent, although conflicting evidence. I.R.C.P. 52(a); *Rueth v. State*, 103 Idaho 74, 77; 644 P.2d 1333, 1336 (1982). This standard of appellate review reflects the view that deference must be accorded to the trial judge's special opportunity to assess and weigh the credibility of the witnesses who appear. *Rueth v. State, supra; Jensen v. Bledsoe*, 100 Idaho 84, 87, 593 P.2d 988, 991 (1979).

Having fully reviewed the record, we conclude that the magistrate's findings are not clearly erroneous. Both Tierney

en at the direction of the police officer unless the additional test was denied by the police officer.

(3) *Suspension of driving privileges under this section shall be separate and apart from any other suspension imposed for a violation of other Idaho motor vehicle codes, and may be appealed to the district court.*

(4) No hospital, hospital officer, agent, or employee, or health care professional licensed by the state of Idaho shall be held liable in damages in any civil proceeding for a cause of

action based upon assault, battery or false imprisonment, or be subject to prosecution under chapter 9 or 29, title 18, Idaho Code, for any act arising out of administering an evidentiary test for alcohol concentration at the request of a police officer in the manner described by this section.

(5) "Actual physical control" as used in this section, shall be defined as being in the driver's position of the motor vehicle with the motor running or with the motor vehicle moving. (Emphasis added.)

and his girlfriend testified at the hearing that Tierney had been drinking prior to the stop. Tierney also testified that at the time of the stop "I probably smelled like a bar ...," and that he had admitted to the officer that he had been drinking. Tierney further admitted that he had been unable to satisfactorily complete the field sobriety test. While it is true that two witnesses testified on Tierney's behalf, the magistrate, as the trier of fact, had the responsibility to assess and weigh the credibility of these witnesses. We will not now, from a cold record, attempt to reassess the credibility of these witnesses—whose testimony so clearly may be biased in Tierney's favor.

In any event, Tierney's own evidence established that he had been drinking and that he smelled of alcohol. That evidence, together with the observations of the officer of Tierney's conduct, including the failure to stop at the stop sign, provided the officer with the requisite "reasonable grounds" to demand that Tierney take the alcohol concentration test. Tierney's explanation that he was on medication which he felt might affect the test results, and his other witnesses who testified that he was not intoxicated, could not remove the "reasonable grounds" which the officer acquired as a result of his observations of Tierney, the smell of alcohol on Tierney, and his admission of having consumed alcohol earlier in the evening. The issue before the magistrate was not whether Tierney was driving while under the influence. The issue was whether or not the officer had "reasonable grounds" to require Tierney to submit to the alcohol concentration test to determine whether or not he was driving under the influence. We agree with the magistrate and the district court that there was more than ample evidence to require Tierney to submit to the alcohol concentration test. We also agree that Tierney's justifications for refusing to submit to the test do not constitute "cause" for refusal to submit to the test. *See State v. Ankney, supra.*

Finally, Tierney argues that the magistrate erred in refusing to admit into evidence the videotape taken at the police station after Tierney's arrest. A trial court has broad discretion in the admission of evidence at trial, and its judgment will only be reversed when there has been a clear abuse of discretion. *State v. Terry,* 98 Idaho 285, 561 P.2d 1318 (1977). We find no abuse of discretion here. The videotape could only have proven Tierney's sobriety, which was not at issue at this show cause hearing.

The order of the district court is affirmed. Costs to respondent.

DONALDSON, C.J., and HUNTLEY, J., concur.

SHEPARD, Justice, specially concurring.

I concur with the opinion and the disposition of the instant case, but again reiterate my reservations concerning I.C. § 49–352 expressed in *State v. Ankney,* 109 Idaho 1, 704 P.2d 333 (1985).

BISTLINE, Justice, dissenting.

I continue to adhere to my views expressed in *State v. Ankney,* 109 Idaho 1, 704 P.2d 333 (1985)—a case similar to today's case—wherein I stated that an arresting police officer may not seize a driver's license. There I hoped to make it clear that an individual is entitled to the right of counsel before being required to submit to an evidentiary test for alcohol concentration. On either of those bases would I reverse the district court today, which affirmed the magistrate court's decision to the contrary.

Today's case also raises several additional issues erroneously handled by the majority. The most troublesome involves a refusal by the magistrate judge to admit into evidence a videotape of the defendant, which was taken at the police station after his arrest.

The defendant argued unsuccessfully to the magistrate judge that the tape was relevant to the issue of whether or not the defendant exhibited any physical evidence of intoxication at or near the time of his arrest. The defendant testified—and was

not contradicted [1]—that he acted and felt exactly the same, and performed the sobriety tests in a similar manner at the police station during the taping, as when he was first pulled over and interrogated by the arresting officer. Thus, if the tape revealed that the defendant was not intoxicated, then he certainly would have had the requisite cause which I.C. § 49–352 requires for refusing to submit to the test, because the tape would have disclosed that the arresting officer did not have reasonable grounds to request that he take the test as that section requires.

The magistrate judge refused to admit the tape, however, ruling that the other introduced evidence had convinced him that the arresting officer had probable cause to stop the defendant and request that he take the blood-alcohol test. Said the magistrate judge:

> The evidence I have heard today convinces me that the officer had probable cause to make a stop and upon making the stop had probable cause to request that the defendant take the field sobriety tests based upon the lateness of the hour, the fact that he had run the stop sign, the fact, by his own admission, the odor of alcohol was about him, thereafter, by his own admission, he did not complete successfully all the field sobriety tests. Therefore, I feel the officer has further cause to request him to take the intoximeter test.

This circuitous reasoning cannot be the grounds for excluding potentially exculpatory evidence. To refuse to admit potentially exculpatory evidence because one has already made up his mind on the matter smacks of the worst form of unfairness and bias. It is akin in a criminal trial to convicting the defendant after the prosecution has presented its case but before the defense has had an opportunity to rebut, impeach, and explain its view of the evidence.

The majority finds no problem with the magistrate's decision, however, stating that a trial court has "broad discretion in the admission of evidence at trial." *Ante*, p. 882. I cannot disagree more strongly with such a statement. If evidence is relevant, *it is admissible*, subject to several exceptions now embodied in Idaho's Rules of Evidence, but which are inapplicable here. *See* Idaho Rules of Evidence, art. IV. While a trial court may have discretion in determining the *relevancy* of evidence, *Marks v. Vehlow*, 105 Idaho 560 n. 9, 671 P.2d 473, 482 n. 9 (1983), it does not have such discretion in *admitting* evidence that is relevant. Rule 402 now states as much. *See also Matter of Estate of Kreie*, 235 Kan. 143, 679 P.2d 712 (1984); *Whalen v. State*, 679 P.2d 248 (Nev.1984); *Carlson v. Piper Aircraft Corp.*, 57 Or.App. 695, 646 P.2d 43 (1982); *Terry v. Zions Co-op Mercantile Institution*, 605 P.2d 314 (Utah 1979).

It cannot be gainsaid but that the tape was relevant. It was probative of whether the defendant was sober, which was an important issue, contrary to the majority. As stated above, if the defendant was sober, then the arresting officer had no grounds by which to request that the defendant take the blood alcohol test. If the officer had not grounds to request that the defendant take the test, then the corollary to this must also be true: the defendant had cause not to take the test. Had the tape been adverse to the defendant, the magistrate would not have hesitated one moment to admit on the state's offer. As all practicing attorneys know, but apparently not judges, a picture is worth a thousand words.

Today's opinion is unfair to the defendant. It denies him his chance to show cause for not taking the blood-alcohol test, which the arresting police officer *may* not have been entitled to request. The tortuous path the majority takes to reach the result in this case muddies evidentiary

---

**1.** Under the authority of *Pierstorff v. Gray's Auto Shop*, 58 Idaho 438, 447–48, 74 P.2d 171, 175 (1937), this Court is required to accept defendant's uncontradicted, not inherently incredible evidence on this point as being true.

rules and definitions, which I had thought had always "been the rule [in Idaho] by implication and case law." Comment to Rule 402, Idaho Rules of Evidence.