101 P.3d 233

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Clinton R. CALDWELL, Defendant–Appellant.**

No. 29676.

Court of Appeals of Idaho.

Aug. 16, 2004.

Review Denied Nov. 17, 2004.

Molly J. Huskey, State Appellate Public Defender; Eric Don Fredericksen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Melissa Nicole Moody, Deputy Attorney General, Boise, for respondent.

PERRY, Judge.

Clinton R. Caldwell appeals from his judgment of conviction for grand theft. Specifically, Caldwell challenges the grand theft jury instruction given at his trial as erroneous. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

Caldwell and a friend purchased and financed a four-horse trailer and a two-horse trailer. Soon thereafter, their relationship deteriorated and they entered into two separate property agreements. According to the first agreement, the friend was to assume ownership of the two-horse trailer and make all respective payments and Caldwell was to do the same with respect to the four-horse trailer. The second agreement, drafted approximately one year later, provided that the friend was to pay off the four-horse trailer but that Caldwell would keep the trailer in lieu of another debt the friend allegedly owed him.

The friend ceased making payments on the four-horse trailer, and Caldwell obtained a small claims judgment against her. Caldwell claimed that, two weeks later, he received a trailer title from the creditor. Caldwell also claimed that he believed the title was for the four-horse trailer. However, the serial number listed on the title was for the two-horse trailer. Some time later, the creditor repossessed the four-horse trailer. After discovering the trailer's location, the parking lot of an Idaho business, Caldwell drove to that location, waited until the business closed, and took the trailer.

Caldwell was charged with grand theft, I.C. §§ 18–2403(1) and 18–2407(1)(b)(1), for stealing the four-horse trailer. At his jury trial, Caldwell claimed that he did not steal the trailer because, at the time he took it, he believed that he had the title to it and that he was the owner.

With respect to the offense of grand theft, the district court instructed the jury that, in order to find Caldwell guilty of grand theft,

the state had to prove beyond a reasonable doubt that Caldwell wrongfully took property "with the intent to deprive the owner of the property."

The jury found Caldwell guilty. Following the trial, Caldwell filed a motion for judgment of acquittal pursuant to I.C.R. 29(c), asserting that the state failed to present substantial evidence on the element of intent. The district court held a hearing and denied the motion.

The district court sentenced Caldwell to a fixed term of confinement of three years, but suspended the sentence and placed Caldwell on probation for three years. Caldwell appeals. Caldwell argues that the district court erroneously instructed the jury on the elements of grand theft because the jury instruction omitted the "intent to permanently deprive or appropriate" element.

## II.

## ANALYSIS

■ The question whether the jury has been properly instructed is a question of law over which we exercise free review. *State v. Gleason,* 123 Idaho 62, 65, 844 P.2d 691, 694 (1992). When reviewing jury instructions, we ask whether the instructions as a whole, and not individually, fairly and accurately reflect applicable law. *State v. Bowman,* 124 Idaho 936, 942, 866 P.2d 193, 199 (Ct.App. 1993). Ordinary words used in the sense in which they are generally understood need not be defined in jury instructions. *See State v. Zichko,* 129 Idaho 259, 264, 923 P.2d 966, 971 (1996); *State v. Gonzales,* 92 Idaho 152, 158, 438 P.2d 897, 903 (1968); *State v. Gomez,* 126 Idaho 700, 705, 889 P.2d 729, 734 (Ct.App.1994); *State v. Greensweig,* 102 Idaho 794, 799, 641 P.2d 340, 345 (Ct.App.1982).

■ Idaho Code Section 18–2403 provides that a person commits theft when, "with intent to deprive another of property or to appropriate the same" to himself, herself, or to a third person, he or she "wrongfully takes, obtains or withholds such property from an owner thereof." "Deprive" is defined in I.C. § 18–2402(3) as "to withhold it or cause it to be withheld from [the owner] permanently or for so extended a period or under such circumstances that the major portion of its economic value or benefit is lost" to the owner.

Caldwell asserts that the district court erroneously gave jury instructions 10 and 15 because the instructions failed to provide that the state must prove beyond a reasonable doubt that Caldwell took the horse trailer with the intent to "permanently" deprive another of property. Jury instruction 15 stated that, in order to find Caldwell guilty of grand theft, the state must prove:

(1) On or about 6th day of July, 2002;

(2) in the state of Idaho;

(3) the defendant CLINTON R. CALDWELL wrongfully took property described as a white, Circle J, model Riata, 4–horse trailer with dual axles, serial number 46YHG2729X1058636;

(4) from the owner ... Credit Company;

(5) that the defendant took the property with the intent to deprive the owner of the property;

(6) the value of the property was greater than ONE THOUSAND ($1000.00) DOLLARS.

If any of the above has not been proven beyond a reasonable doubt, then you must find the defendant not guilty of Grand Theft.

If each of the above has been proven beyond a reasonable doubt, you must find the defendant guilty of Grand Theft.

Jury instruction 10 provided:

A person steals property and commits theft when, with intent to deprive another of property, such person wrongfully takes, obtains, or withholds such property from an owner thereof. That is, theft, as opposed to Grand Theft, includes all the elements of Grand Theft except that the value of the property is $1000.00 or less.

Caldwell argues that jury instructions 10 and 15 misled the jury because they failed to include the proper *mens rea* requirement— that Caldwell had the specific intent to *permanently* deprive or appropriate the property from another person. However, the given instructions did include the *mens rea* re-

quirement—intent to deprive. The instructions did not define "deprive" nor did they include the word "permanently." Caldwell contends that without including the word "permanently" the jury could have found him guilty of grand theft if he took the trailer with the intent to temporarily deprive another of property and, thus, that the state's burden of proof was substantially diminished.

The state contends that the omission of the word "permanently" did not change the meaning of the word "deprive" nor did it remove the specific intent element from the jury's consideration and, therefore, Caldwell has failed to show that the jury instruction misled the jury. In support of its position, the state cites *State v. Olin*, 112 Idaho 673, 735 P.2d 984 (1987), in which the Idaho Supreme Court decided whether jury instructions regarding the offense of robbery were sufficient to instruct on the specific intent element of permanent deprivation even though they failed to include the word "permanently." In that case, Olin requested an instruction that robbery requires an intent to permanently deprive an individual of his or her property. The district court declined Olin's request. The Supreme Court found that the instructions given, which included the words "rob," "robbery," "taking of property," "taking from the person of another," and "felonious taking" were sufficient to carry with them the specific intent to take and permanently deprive and that it was implicit in the common understanding of those words that the conduct was "not intended to be anything but permanent." *Id.* at 676, 735 P.2d at 987.

In the present case, jury instructions 10 and 15 include the words "theft," "steals," "wrongfully took," "intent to deprive," and "wrongfully takes, obtains, or withholds." Like the words considered in *Olin*, these words imply that the act of taking involved a permanency element. As previously stated, terms that are of common usage and are generally understood need not be further defined when instructing the jury. *See Zichko*, 129 Idaho at 264, 923 P.2d at 971; *Gonzales*, 92 Idaho at 158, 438 P.2d at 903. Therefore, although it would have been more appropriate for the district court to instruct

on the definition of "deprive" found in I.C. § 18-2402(3) or to have given Idaho Criminal Jury Instruction 562, the pattern instruction defining intent to appropriate or deprive, the failure to do so was not reversible error.

## III.

## CONCLUSION

We conclude that the instructions given, although not ideal, were sufficient. Therefore, Caldwell's judgment of conviction for grand theft is affirmed.

Chief Judge LANSING and Judge GUTIERREZ concur.