## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 46146

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: November 15, 2019 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| CHAVIS W. JACKSON, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Richard S. Christensen, District Judge.

Judgment of conviction for enticing a child through the use of the Internet, affirmed.

Nevin, Benjamin, McKay & Bartlett; Dennis Benjamin, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jeff Nye, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Chief Judge

Chavis W. Jackson appeals from the judgment of conviction for enticing a child through the Internet. Jackson argues that the district court erred by refusing to give an entrapment jury instruction. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Jackson was charged with enticing a child through the use of the Internet, Idaho Code § 18-1509A. The charges arose after Jackson posted an advertisement on the Spokane section of Craigslist's casual encounters page titled: "It's sunday. . . any mormon girls around?" The body of the add specified that Jackson "want[ed] to find a girl that is down to go to church today . . . find an empty classroom and mess around . . . ." In response to the advertisement, a government agent with the Department of Homeland Security posing as an underage girl from Coeur d'Alene

1

named Haley sent Jackson an email. The two exchanged numbers and the conversation transitioned to text messages. A portion of the text message exchange is as follows:

| | |
|---|---|
| Haley: | I may be too young for u..(smiley face) |
| Jackson: | I just moved to Spokane in June so I live there. Its not too far though. And ohhh nooo haha how old are you? I'm 27. Can I see a pic? |
| Haley: | [sends picture] |
| Jackson: | you're super cute [smiley face] how old? Wanna try to hit up a church? |
| Haley: | I'm 14. Almost 15!! [smiley face] it's ok if 'm too young for u, I understand. |
| Haley: | well we're up in sandpoint until later this afternoon |
| Jackson: | Lol well I guess it fits with Mormon history? Haha we can still meet yo [sic] if you want later. Depends on what you wanna do |
| Haley: | lol |
| Jackson: | What time do you think you will be back? It might be too late to find a church to go to. What would you wanna do? |
| Haley: | well |
| Haley: | I really just want to get crazy [wink face] tired of boys my age |
| Haley: | I don't have much experience but am curious |
| Jackson: | Well I'm pretty sure your age of consent right? I just moved here and it's diff everywhere. We can swap more pics if you want and meet up and at least talk about how shitty the church is! Lol |
| Jackson: | What time are you thinking tonight |
| Haley: | I'm not sure we're looking for the same thing. [wink face] think I'll pass take care. |
| Jackson: | No worries! Sex stuff is fun tho. You should try it some time [smiley face] |

Thereafter, Jackson saw an advertisement titled "seeking older man for fun tonight!" which was posted by the same government agent who posed as Haley. This time, the agent posed as an underage girl named Natalie. Jackson responded to the advertisement and began having a conversation with Natalie. Natalie informed Jackson that she was fourteen years old, a virgin, and had a Coeur d'Alene hotel room available for the two to engage in sexual activities. Subsequently, Jackson drove from Spokane to Coeur d'Alene to meet Natalie at the hotel. Upon entering the third floor of the hotel, the agent arrested Jackson.

A grand jury indicted Jackson for enticing a child through the Internet and his case proceeded to a jury trial. At trial, Jackson denied that he solicited a child for sexual purposes. Jackson explained that he went to the hotel because he thought Natalie was a guy and he "wanted to find out who was messing with" him. After the presentation of evidence, the court and the parties discussed jury instructions. Jackson requested that the court give an entrapment

2

instruction, and the district court refused Jackson's request. Ultimately, the jury found Jackson guilty of enticing a child through the Internet. The district court sentenced Jackson to a unified term of seven years with three years determinate and retained jurisdiction. Jackson timely appeals.

## II.

## STANDARD OF REVIEW

Whether a jury has been properly instructed is a question of law over which we exercise free review. *State v. Severson*, 147 Idaho 694, 710, 215 P.3d 414, 430 (2009). When reviewing jury instructions, we ask whether the instructions as a whole, and not individually, fairly and accurately reflect applicable law. *State v. Bowman*, 124 Idaho 936, 942, 866 P.2d 193, 199 (Ct. App. 1993).

## III.

## ANALYSIS

Jackson argues that the district court erred when it refused to instruct the jury on the defense of entrapment. Jackson's argument is two pronged. First, Jackson argues that a reasonable view of the evidence supports a theory of entrapment as a defense, and therefore the trial court must instruct on the issue. Second, Jackson argues that his assertion of innocence should not be a barrier to the presentation of an entrapment defense. In response, the State points to Idaho precedent, specifically *State v. Barton*, 154 Idaho 289, 297 P.3d 252 (2013), and argues that *Barton* precludes Jackson from asserting an entrapment defense because he asserted his innocence at trial. We agree with the State.

Jackson's argument is identical to the defendant's argument in *Barton*. In *Barton*, the Idaho Supreme Court framed the issue as "whether the specific affirmative defense of entrapment is inconsistent with [a defendant's] claim of innocence." *Id.* at 291, 297 P.3d at 254. The Idaho Supreme Court analyzed previous case law and concluded that the precedent in Idaho is clear. The Court continued by stating:

> [I]n order to be entrapped, one must have the intent to commit the offense, but that intent must arise from state action inducing a person not otherwise predisposed to commit the offense to do so. As an affirmative defense, the entrapment defense is not available to a defendant that has never admitted to committing any of the underlying offenses.

3

*Barton*, 154 Idaho at 292, 297 P.3d at 255. Here, Jackson concedes that he asserted his innocence at trial. Nonetheless, Jackson argues that the *Barton* decision was based on dicta from previous Idaho case law. Jackson cites to *Mathews v. United States*, 485 U.S. 58 (1988) and encourages this Court to adopt "the better-reasoned rule" followed by federal courts which allow a defendant to claim his or her innocence and assert the defense of entrapment. However, this Court is not free to disregard precedents of the Idaho Supreme Court. *Craig v. Gellings*, 148 Idaho 192, 195, 219 P.3d 1208, 1211 (Ct. App. 2009). Thus, *Barton* is controlling in this case. Therefore, based on Jackson's concession that he asserted his innocence in the underlying trial by arguing that he did not intend to commit the crime, the entrapment defense was not available to Jackson. Accordingly, we conclude that the district court did not error by refusing to instruct the jury on entrapment.

## IV.

## CONCLUSION

The district court did not err in denying Jackson's request to instruct the jury on entrapment. Therefore, the judgment of conviction for enticing a child through the use of the Internet is affirmed.

Judge HUSKEY and Judge LORELLO **CONCUR**.