**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49064**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: September 30, 2022 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| BRYAN D. SMITH, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bear Lake County. Hon. Mitchell W. Brown, District Judge. Hon. R. Todd Garbett, Magistrate.

Decision of district court, on intermediate appeal from the magistrate court, affirming judgment of conviction for exceeding the speed limit, <u>affirmed</u>.

Smith, Driscoll & Associates, PLLC; Bryan N. Zollinger, Idaho Falls, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kolby K. Reddish, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Bryan D. Smith appeals from the district court's decision on intermediate appeal affirming the magistrate court's judgment for exceeding the speed limit, Idaho Code § 49-654(2). Smith argues that the officer who issued the citation did not have extraterritorial jurisdiction per I.C. § 67-2337(2) when the citation was issued. Since the magistrate court could reasonably infer the officer had extraterritorial jurisdiction, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Smith received a citation for exceeding the speed limit, a violation of I.C. § 49-654(2), for traveling at seventy miles per hour in a forty-five mile-per-hour zone within Bear Lake County. The officer that issued the citation was Detective Morgan from Bingham County. During the court trial, Detective Morgan provided the following testimony:

1

Q. Okay. Were you working in Bear Lake County in August of this year?
A. Yes, sir, I was.
Q. And what day was that?
A. August 7th.
Q. Okay.
A. The date, we worked both days.
Q. And what were you doing for Bear Lake County that day?
A. We were assisting Bear Lake County with traffic enforcement for the Raspberry Days Festival, which is something the Bingham County Sheriff's Office has done for six or seven years.

At the conclusion of the State's evidence, Smith moved for acquittal. Smith argued that the State failed to prove that Detective Morgan had authority in Bear Lake County pursuant to I.C. § 67-2337(2)(a). The magistrate court denied Smith's motion.

The magistrate court found Smith guilty of exceeding the speed limit. Smith then appealed the magistrate court's decision to deny Smith's motion to acquit to the district court. The district court affirmed the magistrate court's decision finding there was substantial evidence to support the magistrate court's determination. Smith timely appeals.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate court, we review the record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). However, as a matter of appellate procedure, our disposition of the appeal will affirm or reverse the decision of the district court. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Thus, we review the magistrate court's findings and conclusions, whether the district court affirmed or reversed the magistrate court and the basis therefore, and either affirm or reverse the district court.

2

## III.

## ANALYSIS

Smith argues the evidence did not show that Detective Morgan had extraterritorial jurisdiction within Bear Lake County and therefore the magistrate court was required to acquit.[1]

Idaho Criminal Rule 29 provides that when the prosecution closes its evidence, the court, on motion of the defendant, shall order the entry of a judgment of acquittal if the evidence is insufficient to sustain a conviction. The test applied when reviewing the magistrate court's ruling on a motion for judgment of acquittal is to determine whether the evidence was sufficient to sustain the finding of guilt beyond a reasonable doubt. *State v. Fields*, 127 Idaho 904, 912-13, 908 P.2d 1211, 1219-20 (1995).

Idaho Code § 67-2337(2)(a) provides:

> (2) All authority that applies to peace officers when performing their assigned functions and duties within the territorial limits of the respective city or political subdivisions, where they are employed, shall apply to them outside such territorial limits to the same degree and extent only when any one (1) of the following conditions exist:
>
> > (a) A request for law enforcement assistance is made by a law enforcement agency of said jurisdiction.

Smith argues that because he raised the defense of extraterritorial jurisdiction under I.C. § 67-2337(2) it was the State's burden to prove beyond a reasonable doubt that Detective Morgan had authority. The State contends that extraterritorial jurisdiction is not an element of the offense, let alone a defense, and Smith requested the wrong remedy of acquittal rather than suppression.

The statute Smith was alleged to have violated, I.C. § 49-654(2) provides:

> (2)(a) Where no special hazard or condition exists that requires lower speed for compliance with subsection (1) of this section, the limits as hereinafter authorized shall be maximum lawful speeds, and no person shall drive a vehicle at a speed in excess of the maximum limits:
>
> . . . .
>
> > (iii) Sixty-five (65) miles per hour on state highways, unless otherwise posted in accordance with section 49-201(4), Idaho Code, and provided that this speed may be increased to seventy (70) miles per hour if the department completes an engineering and traffic study on the state highway and concludes that the increase is in the public interest and the transportation board concurs with such conclusion;

---

[1] Smith variously argues that the State failed to establish extraterritorial jurisdiction beyond a reasonable doubt or, if the State had no such burden, then he established the lack of extraterritorial jurisdiction as an affirmative defense.

The authority of the citing officer is not an element of the charged offense because it is not found in the language of the statute. A motion to acquit based on insufficient evidence requires consideration of the elements of the offense and whether the State has proven each element beyond a reasonable doubt. I.C.R. 29; *Fields*, 127 Idaho at 912-13, 908 P.2d at 1219-20. Smith's Rule 29 motion was not based on any claim that the State failed to meet its burden of proving that Smith drove seventy miles per hour in a posted forty-five miles-per hour zone. Therefore, the State met its burden of proving beyond a reasonable doubt that Smith violated I.C. § 49-654(2). Smith's motion for acquittal was properly denied.

Next, Smith frames I.C. § 67-2337(2) as an affirmative defense. However, affirmative defenses are generally categorized as an excuse or justification for the crime, so that even if every element of the crime is proven, the accused may avoid conviction. *State v. Barton*, 154 Idaho 289, 292, 297 P.3d 252, 255 (2013). An officer's territorial jurisdiction is not an excuse or justification for Smith to exceed the posted speed limit, therefore I.C. § 67-2337(2) is not an affirmative defense.

Moreover, this Court has specifically rejected a claim that a violation of I.C. § 67-2337(2) provides the remedy of dismissal or acquittal. In *State v. Phelps*, 131 Idaho 249, 953 P.2d 999 (Ct. App. 1998), this Court rejected the notion that dismissal of a charge is the appropriate remedy when an officer acts outside his jurisdiction. We noted that extraterritorial activities allow for other remedies against the officer, including suppression. *Id*. at 253, 953 P.2d at 1003. Smith did not seek other remedies and did not file a motion to suppress.

Even so, the magistrate court correctly determined that the evidence did not support Smith's argument that Detective Morgan acted in violation of I.C. § 67-2337(2). Smith argues that the State's evidence regarding any request for assistance is circumstantial, there are multiple reasonable explanations for why Detective Morgan might be assisting Bear Lake County without a request, and when there are multiple reasonable explanations of the circumstantial evidence then the finder of fact cannot rely on one over the others in support of a determination of guilt. Smith argues that Detective Morgan was instead acting as a "Good Samaritan" to "prevent lawlessness during Raspberry Days celebrations or to increase county revenues during this opportune time."

During an exchange with Smith's counsel, the magistrate court stated the following:

> THE COURT: I'm taking judicial notice of the location of the two counties, and it seems to strain credulity, at least in my mind, knowing that you'd have to pass through two other counties, Bannock and Caribou, or maybe you can go right

4

through Caribou to get through Bear Lake County without going through Bannock. I can't swear to that, but we don't normally have Bingham County officers just driving around in Bear Lake County. And he testified at the very beginning, I heard him say that he was down here assisting the Franklin County Sheriff's Department.[2] I don't think it's a stretch in my mind to say that's the same thing as saying "I was asked to assist." I can't imagine that he just happened to be down here on duty in his patrol car running radar as a volunteer. I mean, I guess that's what you're asking me to believe that when he says he's assisting down here that he wasn't asked to assist. I think we're splitting hairs here a little bit.

At the end of trial, the magistrate court found the evidence demonstrated that Detective Morgan had extraterritorial jurisdiction at the time of the incident:

Based upon the information presented to the Court, I know, Mr. Zollinger, you've used the word speculate several times, I see it differently on my end. I have a detective that's been sworn in and said he was here assisting the law enforcement agency. I have no reason to doubt that testimony.

The magistrate court properly found that Detective Morgan had authority to conduct traffic enforcement in Bear Lake County. The magistrate court found Detective Morgan credible. The magistrate court knew that Bear Lake County was hosting the Raspberry Days Festival, a public event which would require a large law enforcement presence. The term "assisting," as used by Detective Morgan when he testified, "[w]e were assisting" reasonably implied that help was requested. Moreover, contrary to Smith's "Good Samaritan" theory, Detective Morgan said "we" rather than I, implying Detective Morgan was not the only Bingham County officer in Bear Lake County assisting during Raspberry Days Festival. Although not required in relation to Smith's Rule 29 motion for acquittal, the magistrate court made the reasonable inference from the testimony that Detective Morgan had extraterritorial jurisdiction based on a request for assistance from Bear Lake County.

## IV.

## CONCLUSION

The district court did not err by affirming the magistrate court's denial of Smith's motion to acquit. Accordingly, we affirm the district court's intermediate decision on appeal affirming the magistrate court's judgment of conviction.

Chief Judge LORELLO and Judge HUSKEY **CONCUR**.

---

[2] It is obvious the magistrate court misspoke and meant Bear Lake County.

5