## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 50500

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

JESSICA ANNE VAZQUEZ,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)

Filed: June 25, 2025

Melanie Gagnepain, Clerk

---

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Blaine County. Hon. Ned C. Williamson, District Judge.

Judgment of conviction and unified sentence of eight years, with a minimum period of confinement of three years, for trafficking in methamphetamine and consecutive, indeterminate sentence of one year for delivery of a controlled substance, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

MELANSON, Judge Pro Tem

Jessica Anne Vazquez appeals from her judgment of conviction and unified sentence of eight years, with a minimum period of confinement of three years, for trafficking in methamphetamine and a consecutive, indeterminate sentence of one year for delivery of a controlled substance. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Vazquez sold methamphetamine and heroin to a confidential informant in a controlled buy recorded by law enforcement officers. She was charged with trafficking in methamphetamine

1

(I.C. § 37-2732B(a)(4)) and delivery of a controlled substance--heroin (I.C. § 37-2732(a)(1)(A)). At trial, she admitted to selling the drugs to the confidential informant and asserted the affirmative defense of entrapment, which required the State to disprove entrapment. The confidential informant testified that he met Vazquez a year prior to the controlled buy, their involvement was drug-related, and they had used drugs together. The confidential informant testified that he did not pressure Vazquez to sell the drugs to him nor did she ever say "no" or resist. A video of the controlled buy, which was admitted into evidence, showed that Vazquez was angry with a person named "Tom" who owed her $2000 and that she had started getting drugs "somewhere else." Vazquez testified that the confidential informant contacted Vazquez numerous times, asking her to bring the confidential informant drugs. Vazquez further testified that she "didn't really want" to sell drugs to the confidential informant, that he "kept asking" Vazquez, and that the confidential informant messaged Vazquez "quite a bit" and "tried to call her." However, on cross-examination Vazquez admitted that she had previously purchased methamphetamine and that the confidential informant did not threaten or force Vazquez to sell drugs to the confidential informant. Vazquez was shown a text message she sent to the confidential informant after the controlled buy in which Vazquez said, "It's dry everywhere. I have a couple of avenues that I'm waiting to hear on. Have you done any looking?" Vazquez admitted she was referring to drugs. On rebuttal, the State offered an exhibit consisting of numerous text messages between Vazquez and the confidential informant over a six-month period following the controlled buy in which they discussed additional drug transactions. The exhibit was admitted over Vazquez's objection.

Vazquez was found guilty and sentenced to a unified term of eight years, with a minimum period of confinement of three years, for trafficking in methamphetamine and a consecutive, indeterminate sentence of one year for delivery of a controlled substance. On appeal, Vazquez argues, as she did below, that the text messages exchanged after the controlled buy were not relevant to the issue of whether she was predisposed to committing the crimes at the time those crimes were committed. In other words, since entrapment occurs when an otherwise innocent person (not inclined to commit a criminal offense) is induced to do so by a state agent, it follows that evidence of the defendant's state of mind *after* the crime is committed is not relevant. Vazquez also argues that the district court abused its discretion by imposing excessive sentences.

**ANALYSIS**

**A.    Idaho Rule of Evidence 404(b) Admissibility of Text Messages**

We first address whether evidence of other acts offered by the State to rebut a claim of entrapment is subject to exclusion under I.R.E. 404(b).  Entrapment occurs when an otherwise innocent person (not inclined to commit a criminal offense) is induced to do so by a state agent who (desiring grounds for prosecution) originates the criminal design and implants in the mind of the innocent person the disposition to commit the alleged offense.  *State v. Barton*, 154 Idaho 289, 291, 297 P.3d 252, 254 (2013).   In the case of state inducement, there is an express acknowledgement that the defendant committed the criminal acts but did so only as a result of state action that induced the criminal behavior.  *Id*. at 292, 297 P.3d at 255.  In order to be entrapped, one must have the intent to commit the offense, but that intent must arise from state action inducing a person not otherwise predisposed to commit the offense to do so.  *Id*.  Thus, when a defense of entrapment is asserted, the defendant's predisposition to commit the crime is at issue.  In ruling on admissibility of the text messages between Vazquez and the confidential informant, the district court conducted an analysis under I.R.E. 404(b), concluding that the text messages were relevant to the issue of intent.  Both parties in their briefing question whether I.R.E 404(b) applies at all in these circumstances.

Idaho Rule of Evidence 404(b), provides:

> (1)    Prohibited Uses.  Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
> (2)    Permitted Uses; notice in a criminal case.  This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.  In a criminal case, the prosecutor must:
>> (A)    file and serve reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and
>> (B)    do so reasonably in advance of trial--or during trial if the court, for good cause shown, excuses lack of pretrial notice.

This rule prohibits the introduction of evidence of acts other than the crime for which a defendant is charged if its probative value is entirely dependent upon its tendency to demonstrate the defendant's propensity to engage in such behavior.  *State v. Grist*, 147 Idaho 49, 54, 205 P.3d

1185, 1190 (2009). Of course, evidence of another crime, wrong, or act may implicate a person's character while also being relevant and admissible for some permissible purpose, such as those listed in the rule. *See State v. Pepcorn*, 152 Idaho 678, 688-89, 273 P.3d 1271, 1281-82 (2012).

When determining the admissibility of evidence to which an I.R.E. 404(b) objection has been made, the trial court must first determine whether there is sufficient evidence of the other acts that a reasonable jury could believe the conduct actually occurred. If so, then the court must consider: (1) whether the other acts are relevant to a material and disputed issue concerning the crime charged, other than propensity; and (2) whether the probative value is substantially outweighed by the danger of unfair prejudice. *Grist*, 147 Idaho at 52, 205 P.3d at 1188; *State v. Parmer*, 147 Idaho 210, 214, 207 P.3d 186, 190 (Ct. App. 2009).

The question of whether the other acts are relevant to a material and disputed issue concerning the crime charged (other than propensity) in entrapment cases is problematic because, whenever a defendant raises a defense of entrapment, the defendant raises the issue of whether he or she was predisposed to commit the criminal offense--thus putting character evidence at issue-- at least to the extent of predisposition to commit the crime absent state action. Furthermore, the policy underlying the exclusion of evidence under I.R.E 404(b) (that character evidence induces the jury to believe the accused is more likely to have committed the crime on trial because of the accused's criminal character[1]) is not implicated because, by asserting entrapment, the defendant has admitted committing the crime (but not the predisposition to commit the crime). On the other hand, we recognize that the permitted uses of character evidence, "*such as* proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident," I.R.E. 404(b) (emphasis added), are broad enough to encompass the kind of evidence likely to be offered to refute the defense of entrapment. Finally, we note that while predisposition and propensity are similar terms, there is a subtle difference. Predisposition is defined as a "person's inclination to engage in a particular activity; esp., an inclination that vitiates a criminal defendant's claim of entrapment." BLACK'S LAW DICTIONARY, 1427 (12th ed. 2024). Propensity,

---

[1]     *State v. Wrenn*, 99 Idaho 506, 510, 584 P.2d. 1231, 1235 (1978); *see also Grist*, 147 Idaho at 52, 205 P.3d at 1188.

on the other hand, is defined as a "natural tendency to behave in a particular way; esp., the fact that a person is prone to a specific type of bad behavior." *Id.* at 1472.

For example, in *State v Canelo*, 129 Idaho 386, 924 P.2d 1230 (Ct. App. 1996), this Court concluded that evidence of a prior drug transaction was admissible to rebut the defendant's affirmative defense of entrapment, which he raised in response to a charge of delivery of a controlled substance. There, the State presented evidence of a prior drug transaction after the defendant laid a foundation for the entrapment defense and the defendant challenged the admission of that evidence on appeal. This Court held that evidence of the prior drug transaction was not offered to show the defendant's propensity to engage in the crime charged but, instead, was relevant to the defendant's disposition to sell drugs prior to allegedly being entrapped. *Id.* at 394, 924 P.2d at 1238.

We conclude that, when a defendant asserts entrapment as a defense, the defendant's predisposition to commit the crime absent state action is placed at issue. In disproving entrapment, the State may then offer evidence of predisposition. When such rebuttal evidence includes other acts of the defendant, the trial court must conduct the same analysis that it would prior to admitting any other I.R.E. 404(b) evidence. However, while the evidence may tend to prove propensity it may, nonetheless, be admissible as relevant to predisposition in the case involving an entrapment defense.

The district court in this case properly conducted an I.R.E. 404(b) analysis and found that the text messages were relevant to an issue other than propensity and that their probative value was not substantially outweighed by the danger of unfair prejudice. We exercise free review of the trial court's relevancy determination. *State v. Sheldon*, 145 Idaho 225, 229, 178 P.3d 28, 32 (2008). The trial court's balancing of the probative value of the evidence against the danger of unfair prejudice will not be disturbed unless the trial court abused its discretion. *State v. Norton*, 151 Idaho 176, 190, 254 P.3d 77, 91 (Ct. App. 2011).

Vazquez argues that the text messages which were exchanged after the controlled buy were not relevant to show her state of mind at the time of the controlled buy. In *State v. Greensweig*, 102 Idaho 794, 641 P.2d 340 (Ct. App. 1982), this Court rejected a per se rule prohibiting evidence of subsequent acts when relevant to prove motive, intent, absence of mistake or accident, a common scheme or plan embracing the commission of two or more crimes so related to each other

5

that proof of one tends to establish the other, and other similar issues. *Id.* at 798, 641 P.2d at 344; *see also State v. Wrenn*, 99 Idaho 506, 510, 584 P.2d 1231, 1235 (1978).[2] We observed that there was no logical distinction between prior and subsequent crimes to justify a per se rule and that a person may claim he was honestly mistaken or lacked the requisite intent if the act stands alone; however, the probabilities of an honest mistake diminish as the number of similar transactions indicating a scheme or system increase. *Greensweig*, 102 Idaho at 798, 641 P.2d at 344; *see also State v. Stratford*, 55 Idaho 65, 72, 37 P.2d 681, 684 (1934). In the absence of a per se rule prohibiting evidence of subsequent acts, the district court determined that the text messages, which were exchanged after Vazquez sold the drugs, were relevant to prove intent. Evidence of intent, in turn, is relevant to prove whether a defendant is predisposed to commit an offense absent the acts of state agents. As held by the Idaho Supreme Court in *Barton*, in order to be entrapped, "one must have the intent to commit the offense, but that intent must arise from state action inducing a person not otherwise predisposed to commit the offense to do so." *Barton*, 154 Idaho at 292, 297 P.3d at 255. We see no reason to distinguish the text messages after the sale of drugs from the evidence of intent which occurred before the sale.

Vazquez further argues that the probative value of the text messages was substantially outweighed by the danger of unfair prejudice because the evidence invited the jury to speculate as to whether Vazquez was predisposed to committing the charged offenses based on her conduct after being contacted by the confidential informant. Therefore, Vazquez argues, the jury could have found her guilty because it believed she was a person of bad character instead of evaluating whether she was ready and willing to commit the charged offenses even before the confidential informant reached out to her.

The district court's balancing of the probative value of the evidence against the danger of unfair prejudice will not be disturbed unless we find an abuse of discretion. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable

---

[2] *Greensweig* and *Wrenn* were decided before the Idaho Rules of Evidence were adopted, but there is no reason to distinguish the cases on that basis.

to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

In admitting the text messages, the district court recognized that the evidence was prejudicial to Vazquez but not unfairly prejudicial. To avoid confusing or misleading the jury, the district court instructed that the text messages were to be considered "for one purpose and one purpose alone, and that is to consider the viability of the entrapment defense." We presume that the jury followed the district court's instructions. *See State v. Kilby*, 130 Idaho 747, 751, 947 P.2d 420, 424 (Ct. App. 1997); *State v. Hudson*, 129 Idaho 478, 481, 927 P.2d 451, 454 (Ct. App. 1996).

Vazquez has failed to show that the district court abused its discretion in balancing the probative value of the evidence against the danger of unfair prejudice. The district court did not err in its determination that the text messages were relevant to a material and disputed issue concerning the crime charged, other than propensity, or its determination that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice.

## B.    Review of Sentences

The district court imposed a unified sentence of eight years, with a minimum period of confinement of three years, for trafficking in methamphetamine and a consecutive, indeterminate sentence of one year for delivery of a controlled substance. Vazquez argues that her sentences are unreasonable under any view of the facts and that the district court should have sentenced her to lesser sentences in light of the mitigating factors present in her case, including her positive work history, support in the community, and substance abuse issues.

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh

sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

## III.

## CONCLUSION

Vazquez has not shown error in the district court's admission of evidence or the sentences imposed. Therefore, her judgment of conviction and unified sentence of eight years, with a minimum period of confinement of three years, for trafficking in methamphetamine and consecutive indeterminate sentence of one year for delivery of a controlled substance are affirmed.

Chief Judge GRATTON and Judge LORELLO, **CONCUR**.